# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# COLUMBIA DIVISION

| | |
|---|---|
| JEREMIAH D. BREWER, #640452, | ) |
| Plaintiff, | ) ) ) |
| v. | ) NO. 1:23-cv-00020 |
| BUCKY ROWLAND, Sheriff, et al., | ) JUDGE CAMPBELL |
| Defendants. | ) ) ) |

## MEMORANDUM OPINION AND ORDER

Jeremiah Brewer, a state inmate incarcerated at the Maury County Jail in Columbia, Tennessee, has filed a Complaint under 42 U.S.C. § 1983 (Doc. No. 1) and an application for leave to proceed in forma pauperis (IFP) (Doc. No. 5).

The case is before the Court for ruling on Plaintiff's IFP application and initial review of the Complaint under the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(e)(2) and 1915A.

## I. APPLICATION TO PROCEED IFP

A prisoner bringing a civil action may apply for permission to file suit without prepaying the filing fee required by 28 U.S.C. § 1914(a). Because it appears from Plaintiff's IFP application that he lacks the funds to pay the entire filing fee in advance, that application (Doc. No. 5) is **GRANTED** and a $350 filing fee[1] is **ASSESSED**.

The warden of the facility in which Plaintiff is currently housed, as custodian of his trust

---

[1] While prisoners who are not granted pauper status must pay a total fee of $402—a civil filing fee of $350 plus a civil administrative fee of $52—prisoners who are granted pauper status are only liable for the $350 civil filing fee. *See* 28 U.S.C. § 1914(a)–(b) and attached District Court Miscellaneous Fee Schedule, provision 14 (eff. Dec. 1, 2020).

account, is **DIRECTED** to submit to the Clerk of Court, as an initial payment, the greater of: (a) 20% of the average monthly deposits to Plaintiff's credit at the jail; or (b) 20% of the average monthly balance to Plaintiff's credit for the six-month period immediately preceding the filing of the Complaint. 28 U.S.C. § 1915(b)(1). Thereafter, the custodian shall submit 20% of Plaintiff's preceding monthly income (or income credited to Plaintiff for the preceding month), but only when the balance in his account exceeds $10. *Id.* § 1915(b)(2). Payments shall continue until the $350 filing fee has been paid in full to the Clerk of Court. *Id.* § 1915(b)(3).

The Clerk of Court **MUST** send a copy of this Order to the warden of the facility in which Plaintiff is currently housed to ensure compliance with that portion of 28 U.S.C. § 1915 pertaining to the payment of the filing fee. If Plaintiff is transferred from his present place of confinement, the custodian must ensure that a copy of this Order follows Plaintiff to his new place of confinement, for continued compliance with the Order. All payments made pursuant to this Order must be submitted to the Clerk of Court for the United States District Court for the Middle District of Tennessee, 719 Church Street, Nashville, TN 37203.

## II. INITIAL REVIEW

**A. Legal Standard**

The Court must conduct an initial review and dismiss the Complaint (or any portion thereof) if it is facially frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. Review of the Complaint to determine whether it states a claim upon which relief may be granted asks whether it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," such that it would survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (quoting

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although pro se pleadings must be liberally construed, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), the plaintiff must still "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Iqbal*, 556 U.S. at 678, upon "view[ing] the complaint in the light most favorable to the plaintiff[.]" *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009).

Plaintiff filed this action under § 1983, which authorizes a federal suit against any person who, "under color of state law, deprives [another] person of rights, privileges, or immunities secured by the Constitution or conferred by federal statute." *Wurzelbacher v. Jones-Kelley*, 675 F.3d 580, 583 (6th Cir. 2012) (citations omitted); 42 U.S.C. § 1983. Accordingly, the Complaint must plausibly allege: (1) a deprivation of a constitutional or other federal right, and (2) that the deprivation was caused by a "state actor." *Carl v. Muskegon Cnty.*, 763 F.3d 592, 595 (6th Cir. 2014).

**B. Allegations and Claims**

Plaintiff alleges that, on February 7, 2023, "[a]fter a grievance was filed and [he] complained about it," he was placed in cell block #614, which has been labeled by Jail staff as "the trouble pod." (Doc. No. 1 at 4–5.) Cell block #614 has no working air conditioning or ventilation, its two toilets leak urine and feces on the floor where the waste combines with water from the overflowed shower drain, and the inmates housed there get only three hours of recreation per week. (*Id.* at 5.) As a result of these conditions, Plaintiff alleges that he sweats all day, has trouble sleeping, and experiences stiff joints, muscle pains, dehydration, sores on his skin from exposure to bacteria, and emotional distress. (*Id.*) Seeking damages and injunctive relief, Plaintiff sues Acting Sergeant J. Bailey, "Lt. over operations" Maddox, and Correctional Officer Herald for

"forc[ing] [him] to live in cell block 614," and Maury County Sheriff Bucky Rowland for failing to supervise or train his employees. (*Id.* at 1–5.) He claims a violation of his constitutional rights to be free from retaliation and cruel and unusual punishment. (*Id.* at 3, 5.)

## C. Analysis

To state a claim for retaliation in violation of the First Amendment, Plaintiff must allege "that 1) he engaged in protected conduct, 2) the defendant took an adverse action that would deter a person of ordinary firmness from continuing to engage in that conduct, and 3) the adverse action was taken at least in part because of the exercise of the protected conduct." *Siggers-El v. Barlow*, 412 F.3d 693, 699 (6th Cir. 2005) (citing *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999)). While the filing of "a non-frivolous grievance" is protected conduct, *Gennoe v. Washburn*, No. 3:19-cv-00478, 2019 WL 5693929, at *6 (M.D. Tenn. Nov. 4, 2019) (citing *Herron v. Harrison*, 203 F.3d 410, 415 (6th Cir. 2000)), the Complaint does not provide any detail about the nature of the grievance that Plaintiff filed prior to his transfer to cell block #614. Accordingly, the Court cannot at this point determine whether the Complaint states a plausible First Amendment retaliation claim.

However, for purposes of initial review, the Complaint states a plausible claim to relief under the Eighth Amendment. "The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones, and . . . the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment," which prohibits cruel and unusual punishments. *Wilson v. Williams*, 961 F.3d 829, 839 (6th Cir. 2020) (quoting *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)) (internal quotation marks omitted). A colorable claim of cruel and unusual punishment is stated here, in view of Plaintiff's allegations that the conditions in cell block #614 objectively pose "a substantial risk of serious harm," *Farmer*,

511 U.S. at 834—causing dehydration, infectious sores from exposure to human waste, and ill effects from insufficient outside recreation—as well as his allegation that Defendants Bailey, Herald, and Maddox subjectively knew of that risk of harm and still "forced" him to live in the so-called "trouble pod" (Doc. No. 1 at 4) as punishment. *See Farmer*, at 842 ("[I]t is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm."). Moreover, at least for purposes of initial review, the Complaint's allegation that the Jail staff has labeled cell block #614 in this way allows the reasonable inference that there is a custom or policy at the Jail of tolerating inhumane conditions in cell block #614 in order to punish its residents. Accordingly, Plaintiff's Eighth Amendment claim will also be allowed to proceed against Defendant Rowland—who, as Maury County Sheriff, is presumed to be a policymaker at the Jail.

### III. CONCLUSION

As explained above, the Complaint states a nonfrivolous Eighth Amendment claim against Defendants Rowland, Bailey, Herald, and Maddox that will proceed for further development. Accordingly, the Clerk is **INSTRUCTED** to send Plaintiff a service packet (blank summons and USM 285 form) for each of these four Defendants. Plaintiff **MUST** complete the service packets and return them to the Clerk's Office within **30 DAYS** of the date of this Order. Upon return of the completed service packets, **PROCESS SHALL ISSUE**.

The Court's determination that the Complaint states a colorable claim for purposes of this initial screening does not preclude the Court from dismissing any claim at any time for the reasons set forth in 28 U.S.C. § 1915(e)(2), nor does it preclude any Defendant from filing a motion to dismiss any claim under Federal Rule of Civil Procedure 12.

This action is **REFERRED** to the Magistrate Judge to enter a scheduling order for the management of the case, to dispose or recommend disposition of any pretrial motions under 28

U.S.C. §§ 636(b)(1)(A) and (B), and to conduct further proceedings, if necessary, under Rule 72(b) of the Federal Rules of Civil Procedure and the Local Rules of Court.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE