IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| JUSTIN TREY ARNOLD, #00528123, | ) ) ) |
| Plaintiff, | ) ) NO. 1:23-CV-00062 |
| v. | ) ) ) JUDGE CAMPBELL |
| f/n/u BATTS, *et al.*, | ) MAGISTRATE JUDGE HOLMES ) |
| Defendants. | ) |

## MEMORANDUM OPINION

Justin Trey Arnold, an inmate of the Hickman County Jail in Centerville, Tennessee, filed this pro se, in forma pauperis action under 42 U.S.C. § 1983 against f/n/u Batts, f/n/u Bragg, f/n/u Quillen, and Deputy f/n/u Stallard, alleging violations of Plaintiff's civil and constitutional rights. (Doc. No. 1).

### I. SCREENING OF THE COMPLAINT

**A. PLRA Screening Standard**

The complaint is before the Court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A.

Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss any portion of a civil complaint filed in forma pauperis that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. Section 1915A similarly requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," *id.* § 1915A(a), and

1

summary dismissal of the complaint on the same grounds as those articulated in Section 1915(e)(2)(B). *Id.* § 1915A(b).

The court must construe a pro se complaint liberally, *United States v. Smotherman*, 838 F.3d 736, 739 (6th Cir. 2016) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)), and accept the plaintiff's factual allegations as true unless they are entirely without credibility. *See Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007) (citing *Denton v. Hernandez*, 504 U.S. 25, 33 (1992)). Although pro se pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), the courts' "duty to be 'less stringent' with pro se complaints does not require us to conjure up [unpleaded] allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

**B. Section 1983 Standard**

Title 42 U.S.C. § 1983 creates a cause of action against any person who, acting under color of state law, abridges "rights, privileges, or immunities secured by the Constitution and laws . . . ." To state a claim under Section 1983, a plaintiff must allege and show two elements: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. *Dominguez v. Corr. Med. Servs.,* 555 F.3d 543, 549 (6th Cir. 2009) (quoting *Sigley v. City of Panama Heights*, 437 F.3d 527, 533 (6th Cir. 2006)); 42 U.S.C. § 1983.

**C. Facts Alleged by Plaintiff**

Along with his complaint, Plaintiff submitted a document entitled "Nature of Suit 550 Prisoner Civil Rights," which the Court construes as a supplement to the complaint. (Doc. No. 1-1). The Court includes allegations from both the complaint and the supplement herein.

On August 10, 2023, Hickman County Jail officers Battes,[1] Braggs, Stallard, Driver, Walker, Quillen, and Jenkins escorted all D-pod inmates to the rec yard. During that time, the inmates' cells were searched. When the inmates returned to their cells, they noticed "it was getting hard to breathe", and their eyes burned. (Doc. No. 1-1 at 1). Plaintiff observed Officer Battes holding a "pepper ball gun" which he had released into the pod while the inmates were outside. (*Id*. at 1-2). Jail staff refused to turn over the exhaust fans to clear the air. When inmates complained about their symptoms, Officer Battes "was smiling in [the inmates'] faces." (Doc. No. 1-1 at 2). Officer Battes told the inmates that "the sheriff told him [Battes] to tell us that they will take commissary if we didn't calm down." (*Id*.)

Plaintiff coughed up blood for two days, his eyes were red and swollen, his chest hurt, and it was hard for him to breathe. Plaintiff "is having bad PTSD" and he is "in fear of [his] life." (Doc. No. 1 at 5).

Chief Cox later spoke with the affected inmates about "the grievance form file" and told them that "he has been in 9 lawsuits, 7 of those 9 he has won and 5 of these 7 he sued the people back and took their families [sic] assets, even if he only won 10 dollars." (*Id*.) Plaintiff perceived Cox's statement to be a threat if Plaintiff filed a grievance or lawsuit about the pepper spray incident.

As relief, Plaintiff seeks an unspecified amount of damages and asks to be transported to the Williamson County Jail "because it's the only other county that has pending charges against [him]." (*Id*. at 5).

---

[1] Plaintiff refers to this officer both as Battes and Batts. (*See* Doc. No. 1 at 2; 1-1 at 1).

3

**D. Analysis**

Plaintiff names f/n/u Batts, f/n/u Bragg, f/n/u Quillen, and Deputy f/n/u Stallard as Defendants to this action. (Doc. No. 1 at 2-3). Plaintiff sues all Defendants in their official and individual capacities. (*Id*.) Plaintiff alleges that Defendants violated his rights under the Eighth Amendment to the United States Constitution.

1. Claims against Defendants in their individual capacities

From the complaint, it appears Plaintiff was a convicted prisoner, not a pre-trial detainee,[2] at the time of the alleged use of excessive force. The legal status of an alleged victim of excessive force is significant because the conduct of the offending officer must be analyzed under the standard appropriate to the applicable constitutional provision. *See Coley v. Lucas Cnty., Ohio,* 799 F.3d 530, 538-39 (6th Cir. 2015) ("The Supreme Court has recently clarified . . . that when assessing pretrial detainees excessive force claims we must inquire into whether the plaintiff shows 'that the force purposefully or knowingly used against him was objectively unreasonable.'") (quoting *Kingsley v. Hendrickson*, 576 U.S. 389, 397 (2015)).

Under the Eighth Amendment, which applies to convicted prisoners, an officer's conduct will be found to amount to cruel and unusual punishment "when the[] 'offending conduct reflects an unnecessary and wanton infliction of pain.'" *Cordell v. McKinney,* 759 F.3d 573, 580 (6th Cir. 2014) (quoting *Williams v. Curtin,* 631 F.3d 380, 383 (6th Cir. 2011)). In examining an excessive force claim under the Eighth Amendment, the constitutional analysis has both a subjective and an objective component, requiring a court to determine "whether the force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm," and

---

[2] Plaintiff checked the boxes on the form complaint for "pretrial detainee" and "convicted and sentenced state prisoner." (Doc. No. 1 at 4). In his Motion for Jail Transfer (Doc. No. 5), Plaintiff states that there are charges pending against him in Williamson County. Thus, it appears that, with respect to the Hickman County Jail, Plaintiff is a convicted prisoner.

4

whether "the pain inflicted was sufficiently serious." *Cordell*, 759 F.3d at 580 (internal quotation marks and citations omitted) (alteration added). The heightened Eighth Amendment standard acknowledges that "'[t]he maintenance of prison security and discipline may require that inmates be subjected to physical contact actionable as assault under common law.'" *Id*. (quoting *Combs v. Wilkinson*, 315 F.3d 548, 556 (6th Cir. 2002)) (alteration in original).

In determining whether the force used was applied in a good faith effort to restore discipline or rather inflicted for a malicious purpose, it is "proper to evaluate the need for application of force, the relationship between that need and the amount of force used, the threat 'reasonably perceived by the responsible officials,' and 'any efforts made to temper the severity of a forceful response.'" *Hudson v. McMillian*, 503 U.S. 1, 8 (1992) (quoting *Whitley v. Albers*, 475 U.S. 312, 321 (1986)). "While the extent of a prisoner's injury may help determine the amount of force used by the prison official, it is not dispositive of whether an Eighth Amendment violation has occurred." *Cordell*, 759 F.3d at 581 (citing *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010)); *see Wilkins*, 559 U.S. at 1178-79 ("An inmate who is gratuitously beaten by guards does not lose his ability to pursue an excessive force claim merely because he has the good fortune to escape without serious injury."). In the end, a determination of what constitutes "unnecessary and unwanton infliction of pain," is "contextual and responsive to contemporary standards of decency." *Hudson*, 503 U.S. at 8.

Based on the allegations in the complaint, the Court finds that the complaint states colorable Eighth Amendment excessive force claims under Section 1983 against Officer Batts in his individual capacity. These allegations warrant further factual development. The complaint fails to allege colorable claims against the other individual Defendants.

Next, although the complaint does not name Chief Cox as a defendant, the Court finds that it is appropriate under the record presented to consider a retaliation claim against Chief Cox.

A prisoner's claim that prison officials have retaliated against him for engaging in protected conduct is grounded in the First Amendment. *Thaddeus-X v. Blatter*, 175 F.3d 378, 388 (6th Cir. 1999). To establish a prima facie case of retaliation within the context of Section 1983, a plaintiff must prove that: (1) he engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) the defendant's conduct was substantially motivated at least in part by retaliation for the plaintiff's protected speech and conduct. *Id*. at 394-99. In addition to proving a retaliatory motive, the plaintiff must establish that the alleged discriminatory action was punitive in nature by showing other than *de minimis* harm resulting from it. *See Ingraham v. Wright*, 430 U.S. 651, 674 (1977); *Thaddeus-X,* 175 F.3d at 396. The plaintiff has the burden of proof on all three elements. *Murray v. Unknown Evert*, 84 Fed. App'x 553, 556 (6th Cir. 2003).

In *Hill v. Lappin*, the Sixth Circuit reversed the district court's dismissal of a First Amendment retaliation claim on initial review, emphasizing that the essential elements of such a claim are not overly difficult to establish, "especially in light of the 'indulgent treatment' that '[c]ourts are instructed to give . . . to the 'inartfully pleaded' allegations of pro se prison litigants." 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Pasley v. Conerly*, 345 F. App'x 981, 986 (6th Cir. 2009)). The Court of Appeals indicated that, where the facts alleged in a prisoner's complaint are sufficient to support these elements, the claim should go forward even if the inmate "fails to explicitly state" that he is making a First Amendment retaliation claim or does not "make an effective argument for that claim in his . . . complaint." *Id*. (citing *Pasley*, 345 F. App'x at 986).

Thus, the Court considers whether the instant pro se complaint alleges a non-frivolous retaliation claim under Section 1983 against Chief Cox.

It is well established that prisoners have a constitutional right to access the courts. *Jones v. Tenn.*, No. 3:23-CV-9-KAC-DCP, 2023 WL 4379944, at *6 (E.D. Tenn. July 6, 2023) (citing *Herron v. Harrison*, 203 F.3d 410, 414 (6th Cir. 2000) (recognizing claim where the inmate alleged that prison officials "impermissibly retaliated against him for exercising his First Amendment right to file grievances and petition the court for redress")). An officer's threat to sue your family and take their money, such as the threat Chief Cox allegedly made to Plaintiff, would likely have a strong deterrent effect on a prisoner's protected activity. And Chief Cox allegedly threatened Plaintiff directly after Plaintiff indicated interest in pursuing grievances about the August pepper spray incident. *See Hill*, 630 F.3d at 475-76 (retaliatory motive can be supported by circumstantial evidence including "the temporal proximity between the prisoner's protected conduct and the official's adverse action") (citing *Holzemer v. City of Memphis*, 621 F.3d 512, 525-26, (6th Cir. 2010)); *see also Arrington v. Wickstrom*, 2012 WL 1029957 (W.D. Mich. Mar. 27, 2012) (where plaintiff alleged that defendant retaliated against him by planting contraband in his cell and threatened that filing lawsuits would cause more pain, concluding those allegations were sufficient to permit a jury to find that defendant planted the contraband). The Court therefore finds that the complaint states a colorable First Amendment retaliation claim under Section 1983 against Chief Cox in his individual capacity. That claim will proceed.

2. <u>Claims against Defendants in their official capacities</u>

The Court now moves to Plaintiff's claims against Defendants in their official capacities. When a defendant is sued in his or her official capacity as an employee of the government, the lawsuit is directed against "the entity for which the officer is an agent." *Pusey v. City of*

*Youngstown*, 11 F.3d 652, 657 (6th Cir. 1993). Here, the complaint alleges that Defendants are employees of the Hickman County Jail. (Doc. No. 1 at 2-3). Thus, a claim of governmental liability requires a showing that the alleged misconduct is the result of a policy, statement, regulation, decision, or custom promulgated by Hickman County or its agent. *Monell Dep't of Social Svcs.*, 436 U.S. 658, 690-691 (1978). In short, for Hickman County to be liable Plaintiff under Section 1983, there must be a direct causal link between an official county policy or custom and the alleged violation of Plaintiff's constitutional rights. *City of Canton v. Harris*, 489 U.S. 378, 385 (1989); *Burgess v. Fisher*, 735 F.3d 462, 478 (6th Cir. 2013) (citing *Monell*, 436 U.S. 658, 693); *Regets v. City of Plymouth*, 568 F. App'x 380, 393 (6th Cir. 2014) (quoting *Slusher v. Carson*, 540 F.3d 449, 456-57 (6th Cir. 2008)). A plaintiff can make a showing of an illegal policy or custom by demonstrating one of the following: (1) the existence of an illegal official policy or legislative enactment; (2) that an official with final decision-making authority ratified illegal actions; (3) the existence of a policy of inadequate training or supervision; or (4) the existence of a custom or tolerance or acquiescence of federal rights violations. *Burgess*, 735 F.3d at 478.

Here, the allegations of the complaint are insufficient to state a claim for municipal liability against Hickman County under Section 1983. The complaint does not identify or describe any of the county's policies, procedures, practices, or customs relating to the incidents at issue; the complaint does not identify any particular shortcomings in training or supervision or how those shortcomings caused the alleged violations of Plaintiff's rights; and it does not identify any other previous instances of similar violations that would have put the county on notice of a problem. *See Okolo v. Metro. Gov't of Nashville*, 892 F. Supp.2d 931, 944 (M.D. Tenn. 2012). Consequently, the Court finds that the complaint does not contain sufficient allegations to state a claim for

municipal liability against Hickman County. Plaintiff's Section 1983 claims against Defendants in their official capacities (which are claims against Hickman County) therefore must be dismissed.

## II. CONCLUSION

Having conducted the screening required by the PRLA, the Court finds that the complaint states a colorable Eighth Amendment excessive force claim under Section 1983 Officer Batts in his individual capacity. The complaint also states a colorable First Amendment retaliation claim under Section 1983 against Chief f/n/u Cox. These claims will proceed for further development.

However, the excessive force claims against all Defendants in their official capacities fail to state claims upon which relief can be granted under Section 1983. Likewise, the excessive force claims against Defendants Bragg, Quillen, and Stallard fail to state Section 1983 claims upon which relief can be granted. Those claims, therefore, will be dismissed.

An appropriate Order will be entered.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE